ACCEPTED
03-14-00079-CV
3772626
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/14/2015 4:25:40 PM
JEFFREY D. KYLE
CLERK

## CASE NO. 03-14-00079-CV

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/14/2015 4:25:40 PM
JEFFREY D. KYLE
Clerk

**Texas Parks and Wildlife Department**,
*Appellant.*

vs.

**Nancy Gallacher**,
*Appellee,*

On Interlocutory Appeal from the 250th Judicial District of Travis County, Texas

## APPELLEE'S MOTION FOR REHEARING

**HOWARD & KOBELAN**
Logan Howard
Texas Bar No. 24069952
Derek A. Howard
Texas Bar No. 10064600
100 Congress Avenue, Ste. 1720
Austin, Texas 78701
(512) 480-9300
(512) 480-9374 facsimile

**ATTORNEYS FOR APPELLEE**

January 14, 2015

# TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................................i

TABLE OF AUTHORITIES ....................................................................................... ii

ISSUES PRESENTED FOR REVIEW ......................................................................1

    I.     ISSUE ONE:.................................................................................................1
          Whether the Court of Appeals erred in holding that the trial court
          lacked subject matter jurisdiction over Gallacher's retaliation claim
          because she did not present evidence supporting a prima facie case of
          retaliation under the TCHRA.

          A) Gallacher has presented evidence to show that TPWD
          departed from its policies and procedures.

          B) Gallacher has presented evidence to show a "very close"
          temporal proximity between her protected activity and the
          adverse employment action against her.

ARGUMENT AND AUTHORITIES....................................................................2

PRAYER...................................................................................................10

CERTIFICATE OF COMPLIANCE................................................................11

CERTIFICATE OF SERVICE .......................................................................12

# TABLE OF AUTHORITIES

**Cases:**

*Ackel v. National Communications, Inc.*,
    339 F.3d 376 (5th Cir. 2003) ....................................................................8, 10

*Anderson v. Coors Brewing Co.*,
    181 F.3d 1171 (10th Cir.1999) ......................................................................8

*Bland Indep. Sch. Dist. v. Blue*
    34 S.W.3d 547 (Tex.2000) ............................................................................9

*Gee v. Principi*,
    289 F.3d 342 (5th Cir. 2002) ........................................................................8

*Long v. Eastfield Coll.*,
    88 F.3d 300 (5th Cir.1996) ..........................................................................10

*Pardo-Kronemann v. Jackson*,
    541 F.Supp.2d 210 (D.D.C. 2008) *aff'd in part, rev'd in part on other
    grounds*, 601 F.3d 599 (D.C.Cir.2010) ..........................................................9

*San Antonio Water System v. Nicholas.*,
    441 S.W.3d 382 (Tex.App.-San Antonio, 2013)............................................9

*Tex. Dep't. of Parks and Wildlife v. Miranda,*
    133 S.W.3d 217 (Tex. 2004) ..................................................................2, 5

_____

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS
_____

**Texas Parks and Wildlife Department**,
*Appellant.*

vs.

**Nancy Gallacher**,
*Appellee,*
_____

## TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW, Appellee, Nancy Gallacher (hereinafter "Gallacher", "Plaintiff", or "Appellee"), and respectfully submits this Motion for Rehearing pursuant to Tex.R.App.P. 49.1 and would show the Court the following:

## ISSUE PRESENTED FOR REVIEW

Issue No. 1:   Whether the Court of Appeals erred in holding that the trial court lacked subject matter jurisdiction over Gallacher's retaliation claim because she did not present evidence supporting a prima facie case of retaliation under the TCHRA.  More specifically, the Court ignored relevant evidence and incorrectly found (a) that TPWD did not depart from its policies and procedures and (b) that "Gallacher's 'mere temporal proximity' argument is insufficient to show a causal link existed between protected activity she engaged in and an adverse employment action against her."

## ARGUMENT AND AUTHORITIES

While this Court has correctly stated the elements of a prima facie claim of retaliation, Appellee contends that the Court has misstated relevant facts and, therefore, misapplied the law.

**Gallacher has produced sufficient evidence to support a prima facie claim of retaliation under the TCHRA**

First, Gallacher would argue that the Court has exceeded its role in reviewing the trial court's denial of TPWD's plea to the jurisdiction. The Court is to "take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004). Here, the Court did not adhere to this standard of review.

**Gallacher has produced sufficient evidence to establish the causation element of her retaliation claim by showing that TPWD departed from its policies and procedures.**

The Court's Opinion states that "[w]hether to approve the 320 hours of sick-pool leave that Gallacher requested was a decision left to Wagner's discretion, and simply requesting that leave did not automatically entitle Gallacher to approval of it. While the Court is technically correct in stating that Wagner's actions were "not prohibited by TPWD's policies and procedures", there is no fact in evidence to

2

suggest that the decision was actually within "Wagner's discretion" or actually authorized in TPWD's policies and procedures.

The Sick Leave Pool Request and Authorization form is to be filled out by the employee. SCR 246. The top portion of the form states "I hereby request _____ hours from the Sick Leave Pool." CR 61-62. It then contains an "Employee Certification" and a place for the employee to sign the form. Id. The document clearly indicates that it is the employee, and not the employee's supervisor, who is supposed to fill out the top half of the form. The supervisor is to sign the "Recommendation from supervisor" stating that "this employee is meeting job performance standards, observing TPWD policies and has properly managed use of his/her sick leave. I recommend approval of this request." Id. Nowhere in the TPWD Sick Leave Pool Policy or on the Sick Leave Pool Request and Authorization does it state that the supervisor has the authority to alter the employee's request, or make the final decision as to whether or not to grant or deny the employee's request. Yet Wagner made the decision to alter Gallacher's request, admittedly without notifying Gallacher or any other TPWD employee, and unilaterally denied her request. SCR 87; 175-177. It is Gallacher's contention that TPWD Policy permits a supervisor to have input in an employee's request for

Sick Leave Pool, but does not impart on that supervisor the authority to ultimately make the decision.

Appellee argues that the ambiguity in TPWD's policies and procedures, along with the testimony of Wagner, should be a fact issue to be considered by a jury. It is clear that the TPWD policies and procedures concerning sick leave pool do not specifically authorize a supervisor to alter a sick leave pool request form or ultimately approve or deny an employee's request for sick leave pool. To the contrary, the TPWD policies and procedures do specifically state that it is the Sick Leave Pool Administrator, Rebecca Gonzales, who has the authority to approve or deny the sick leave pool request. Additionally, the following is an excerpt from Wagner's deposition:

> Q: Is it still your belief that you have the authority to alter an employee's sick leave pool request?
>
> Ms. Connor: Objection, form.
>
> A: I didn't think about it.
>
> Q: Well, after reviewing this policy, is that still your belief?
>
> Ms. Connor: Objection, form.
>
> A: Probably not, no.

SCR 176-177 at 69-70. After reviewing the TPWD policy regarding sick leave pool requests, Wagner admitted that he did not believe that he had the authority to alter an employee's sick leave pool request as he did with Gallacher. Additionally, Ms. Gonzales even testified that had Gallacher's request been submitted with the 320 hours of sick leave pool she was requesting, there was "nothing that would have prevented her from granting the full 320 hours. CR 102 at 29; SCR 244-247. TPWD also submitted the following position to the EEOC in response to the EEOC's request for TPWD to "[e]xplain why Mr. Wagner determined how many hours Ms. Gallacher would be granted":

> "it is the [Sick Leave Pool] administrator's responsibility
>
> to determine the employee's eligibility to withdraw time
>
> from the SLP, including verifying that the employee is
>
> suffering from a catastrophic illness or injury and has
>
> exhausted all accrued available leave…"

CR 127. By TPWD's own admission, it is not the decision of the employee's supervisor to make.

The Texas Supreme Court has held that if the evidence creates a fact question, the court cannot grant a plea to the jurisdiction. *Miranda*, 133 S.W.3d 217, at 228. Gallacher is only required to show that there is a disputed material

5

fact, and the Court must take as true all evidence favorable to Gallacher and resolve any doubts in her favor. *Id.* Clearly, the evidence is not undisputed and there remains a fact question as to whether or not Wagner had the authority to unilaterally alter and deny Gallacher's sick leave pool request form without notifying Gallacher or Ms. Gonzales.

**Gallacher has produced sufficient evidence to establish the causation element of her retaliation claim by showing the "very close" temporal proximity between her protected activity and the adverse employment action against her.**

The Court's Opinion further states that "[t]he only remaining basis for Gallacher's causation argument is the three-month period between her complaint to Lopp about Wagner and the termination of her employment." The "three-month" period cited by the Court is a gross mischaracterization of the time frame that the Court should be considering for Gallacher's retaliation claim. While approximately three-months elapsed between the date that Gallacher complained to Jim Lopp and her last day of employment, the facts clearly show that far less time passed between the date that Wagner was actually made aware of Gallacher's complaint and the date on which he decided to terminate Gallacher. It is this latter time frame that should have been considered by the Court in its review.

The following is the timeline of events relevant to Gallacher's retaliation claim:

> September 2010 – Gallacher complained to TPWD Deputy Director Jim Lopp about alleged discriminatory treatment of her by Wagner. CR 120-121, 124; SCR 102.

> Early October 2010 – Lopp met with Wagner to discuss Gallacher's complaints.  SCR 102-103.

> November 3, 2010 – Gallacher requested 320 hours of sick leave pool for open-heart surgery.  CR 61-62

> November 10, 2010 – Wagner sent Gallacher a letter notifying her that he was only approving 160 hours of sick leave pool and that he was "unable to commit to a longer period of approved leave and will be making a decision in the near future on whether the Wildlife Division's business needs will allow for leaving [her] position open."  SCR 213.

> November 23, 2010 – Wagner emailed Gonzales about the termination process for Gallacher.  SCR 177-178 at 73-74.

> November 29, 2010 – Wagner sent Gallacher a letter notifying her that she was being terminated as of December 17, 2010.  SCR 214.

Therefore, Wagner made his decision to deny Gallacher 160 hours of sick leave pool less than six (6) weeks after he was made aware of her complaint to Lopp (Early October 2010 to November 10, 2010).  Gallacher would argue that Wagner's decision to deny Gallacher 160 hours of sick leave pool, knowing that she needed 320 hours of sick leave pool for open heart surgery, was, in effect, a decision to terminate Gallacher.  Even if the Court takes the position that Wagner did not actually decide to terminate Gallacher until November 23, 2010 or

7

November 29, 2010, the temporal proximity between Gallacher's complaint and Wagner's decision to fire her is still less than two (2) months from the date he was made aware of her complaint to Lopp.

While the Tenth Circuit, as cited in the Court's Opinion, has found that a "three-month gap", by itself, is insufficient to infer a causal link, the Tenth Circuit has also found that a "one and one-half month period… may, by itself, establish causation." *Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1179 (10th Cir.1999). Here, Gallacher has produced evidence to show that approximately one and one-half months (or less) passed between Wagner being made aware of her complaint to Lopp (in early October 2010) and Wagner effectively terminating her employment (on or before November 10, 2010 when he denied Gallacher's request for 320 hours of Sick Leave Pool). While Gallacher would argue that the adverse employment action occurred on or before November 10, 2010, the latest date that should be considered as the date of the adverse employment action against Gallacher should be November 29, 2010 (the date on which Wagner sent Gallacher a letter notifying her that she was being terminated).

In determining whether an adverse employment action was retaliatory, the Court must focus on "the final decisionmaker." *Ackel v. National Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (citing *Gee v. Principi*,

289 F.3d 342, 346 (5th Cir. 2002). Here, the final decision maker is Wagner, and therefore, the time period relevant to Gallacher's retaliation claim should focus on Wagner's knowledge of her complaint and Wagner's decision to terminate Gallacher. Further, the Fourth Court of Appeals in San Antonio has stated that "[e]specially where a defendant retaliates at the first opportunity that is presented, a plaintiff will not be foreclosed from making out a prima facie case despite a substantial gap in time." *San Antonio Water System v. Nicholas*, 441 S.W.3d 382, 392-393 (Tex.App.-San Antonio, 2013) (citing *Pardo-Kronemann v. Jackson*, 541 F.Supp.2d 210, 218 (D.D.C. 2008) *aff'd in part, rev'd in part on other grounds*, 601 F.3d 599 (D.C.Cir.2010). Gallacher would argue that the evidence supports the contention that Wagner retaliated at the first opportunity he had following her complaint; i.e. when Gallacher submitted a request for sick leave pool for open heart surgery on November 3, 2010 and Wagner discovered from HR that Gallacher would soon be running out of FMLA protected leave. SCR 174-175 at 61-62; SCR 178 at 76.

In addition to taking as true all evidence favorable to Gallacher, the Court must also make its decision "without delving into the merits of the case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Gallacher is not required to "put on [her] case simply to establish jurisdiction." *Id.* Gallacher has

9

pled sufficient facts to establish a prima facie case of retaliation, and she has submitted evidence in support of those facts. At the prima facie stage, "the standard for satisfying the causation element is 'much less stringent' than a 'but for' causation standard." *Ackel*, 339 F.3d 376, at 385 (citing *Long v. Eastfield Coll.,* 88 F.3d 300, 305 n. 4 (5th Cir.1996). Gallacher need only submit *some* evidence of a causal link between her protected activity and the adverse action taken against her to establish her prima facie claim of retaliation. *Id*. Gallacher has met this burden, and the trial court's denial of TPWD's Plea to the Jurisdiction with respect to Gallacher's retaliation claim should be affirmed.

## **PRAYER**

Based on the reasons described hereinabove, Gallacher respectfully requests that this Court grant this motion for rehearing, modify its December 31, 2014 Opinion to affirm the trial court's denial of TPWD's Plea to the Jurisdiction with respect to Gallacher's retaliation claim, and grant such further relief to which Gallacher may show herself justly entitled.

Respectfully submitted,

**HOWARD & KOBELAN**
100 Congress Avenue, Ste. 1720
Austin, Texas 78701
(512) 480-9300
(512) 480-9374 facsimile

By: /s/ Logan Howard
Logan E. Howard
State Bar No. 24069952
Derek A. Howard
State Bar No. 10064600

ATTORNEYS FOR APPELLEE


## CERTIFICATE OF COMPLIANCE

I certify that this document contains 2,050 words (counting all portions of the document that are subject to the word limits of Texas Rule of appellate Procedure 9.4(i)), according to the word-processing software used to produce this document.

/s/ Logan Howard
Logan Howard

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded in accordance with Texas Rules of Appellate Procedure to all counsel of record, as listed below, via e-mail on this the 14th day of January 2015.

Madeleine Connor, Assistant Attorney General
Office of Attorney General
P.O. Box 12548
Austin, Texas 78711
*Madeleine.connor@texasattorneygeneral.gov*

/s/ Logan Howard
Logan Howard